WILLIAM CUMMINGS *versus* ELIAS BLAKE & *als.*

Under Revised Statutes, c. 69, § 7, where the damages in an action on a
note alleged to be usurious, are not reduced by the oath of the defendant,
but by the voluntary act of the plaintiff, in indorsing the amount received
as usurious interest on his note, after the commencement of the suit, the
defendant is not entitled to costs.

THIS suit was on a promissory note made March 5, 1841,
by defendants to plaintiff for $400, payable in one year with
interest.   The defence was usury, to be proved by the oaths
of the makers.   The trial was before SHEPLEY C. J.

The defendants testified that they received but $352 of the
plaintiff when the note was made, the balance, $48, being
allowed for 12 per cent. interest in advance ; that about the
expiration of the year, they obtained delay, and paid $38, of
which only $14 were indorsed ; and that on March 7, 1843,
they paid $58,60, of which $34,60 were indorsed, which
paid the interest for one year in advance, $10 for deficiency
of interest paid the year before, and 60 cents interest on that
sum.

The plaintiff testified that all which he ever received on ac-
count of the note in any manner had been indorsed, three
sums of $24 each, having been indorsed on the note since the
commencement of this suit by his direction ; that the defend-
ants said the $24 was a present, but the indorsements include
all sums received as present or interest.   Thereupon the de-
fendants submitted to a default.

The case was brought into this Court by demurrer, and the
indorsements of the illegal interest were made since the case
came into this Court.

The Court is to cause the proper judgment to be entered,
or grant a new trial if necessary.

*Godfrey,* for defendants.

Both parties say on oath, that 12 per cent. interest was
agreed for.   The excess is void by c. 69, § 3.   By indorsing a
part of this excess, the plaintiff affirms the 12 per cent.   The
plaintiff should not be allowed to alter the state of things as it

was in the District Court. If the law will allow the alteration of claim, the statute against usury becomes a dead letter. In assumpsit, the plaintiff cannot alter his bill of particulars. *Babcock* v. *Thompson*, 3 Pick. 446 ; *Varnum* v. *Bissell*, 14 Pick. 191. The statute against usury is penal, and is not to be evaded. *Warren* v. *Coombs*, 20 Maine R. 139. The Court would not allow the indorsement to be made after the evidence is all out, and the case is ready for the jury. Neither should it be made in the office of the plaintiff's counsel, as in this case. Indorsements made after suit brought are nullities.

*Hathaway & Peters*, for the plaintiff.

WELLS J. — The question raised in this action, relative to costs, was decided in *Wing* v. *Dunn & al.* 24 Maine R. 128. By § 7, c. 69, Rev. Stat., the plaintiff was bound to pay costs to the defendant, provided the damages were reduced by the *oath* of the latter. The act of July 22, 1846, c. 192, provides for the recovery of costs by the defendant, upon a reduction of damages by *proof* of the usurious interest. By a subsequent act passed August 7, of the same year, it was provided, that the former act should not embrace pending suits.

This suit was commenced Sept. 9, 1844, and is therefore to be determined by the provision of § 7, c. 69, although that section is repealed by the act of July 22. The damages in this action are not reduced by the *oath* of the defendants, but by the voluntary act of the plaintiff, in making an indorsement on his note. The plaintiff was probably induced to make the indorsement from the apprehension of a reduction by the defendant's oath. But the statute does not extend to such a case, so as to give costs, although it appears that usurious interest was paid. Costs cannot be allowed unless they are given by statute.